OPINION AND ORDER
This is an appeal of a denial of a Petition for Writ of Habeas Corpus by the Tribal Trial Court. The matter has been fully briefed. We reverse on the only issue properly before the Court of Appeals[1] in accordance with the following.
On November 23, 2009, upon her arrival at her home, Appellant Myrna First was arrested by Fort Peck Tribal Police who were in the process of implementing a search warrant in her home. She was advised of her rights and transported to the Tribal Jail where she was given an unsigned copy of a warrant for her arrest. Later that day she was given a copy of a warrant that had been signed after her arrest. Appellant First filed a Petition for Writ of Habeas Corpus the next day and a hearing was held a week later. At the conclusion of that hearing, the Tribal Trial Judge denied the petition and held that the arrest on an unsigned warrant was harmless error.
*287 Comprehensive Code of Justice, (CCOJ), Title VI, Section 201(b) provides in relevant part:
No law enforcement officer shall arrest any person for a criminal offense except when:
(1) A judge has signed a warrant commanding the arrest of such person and the arresting officer has that warrant in his/her possession or knows for a certainty that such a warrant has been issued;
The procedure followed in this matter is not in compliance with this provision. When Appellant was arrested, the officer did not have a copy of a signed arrest warrant. Later steps to address the situation did not change the fact that the law was not followed at the time of the arrest. Nor is there any evidence of basis for a valid warrantless arrest under CCOJ Title VI Section 202(b)(2) or (3).
Prior Court of Appeals decisions have not addressed the specific issue of whether this is harmless error. Due to the significance of the loss of liberty that occurs at arrest and the clearly stated applicable tribal law, the tribal law leading to that loss of liberty must be followed correctly and with great care. Therefore, we reverse the trial court’s holding that the error was harmless.
THEREFORE, IT IS HEREBY ORDERED, that the decision of the Tribal Trial Court is reversed and that matter is remanded to the Tribal trial court for further proceedings in accordance with this decision.

. The issue concerning judicial conduct is not properly before this Court. See, Fort Peck Tribes v. Calvin First, (Court of Appeals No. 88).